UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD L. BASKETT,<br><br>    Plaintiff,<br><br>v.<br><br>KING COUNTY DEPARTMENT OF CORRECTIONS, BARBARA MINER, and CINDY GOSK,<br><br>    Defendants. | Case No. C06-0338-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint names three defendants: King County, Barbara Minor, the Clerk of Court for King County Superior Court, and Cindy Gosk, an employee of the Department of Corrections. (Complaint at 2-3). Plaintiff alleges that (1) King County has imposed unconstitutional probation conditions on him, by requiring him to work even though plaintiff alleges that he suffers from post-traumatic stress disorder; (2) Barbara Minor improperly refused to accept for filing a previous civil rights action that plaintiff attempted to file in state court; and (3) Cindy Gosk defamed plaintiff in a telephone conversation with plaintiff's mother when Gosk said that plaintiff's probation had been revoked because plaintiff would not admit he had a problem. (Proposed Complaint at 3-5).

REPORT AND RECOMMENDATION
PAGE -1

Pursuant to 28 U.S.C. § 1915A, the court has reviewed the complaint, and recommends that it be dismissed prior to service on defendants because plaintiff fails to state a claim upon which relief may be granted. First, plaintiff's allegations against King County do not present a cognizable claim under 42 U.S.C. § 1983. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Plaintiff's challenge to the grounds on which his probation was apparently revoked is tantamount to a challenge to his confinement, for if plaintiff were successful with this challenge, his probation would presumably be restored and his confinement would end. Under these circumstances, plaintiff's sole avenue for relief is to file a petition for a writ of habeas corpus in federal court, or seek appropriate relief in state court. *Id.; cf. Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242,1248 (2005) (allowing case to proceed under § 1983 because prisoner's claim would not necessarily lead to a speedier release). Consequently, plaintiff's allegations against King County fail to state a claim upon which relief can be granted.

Second, plaintiff's allegations that Clerk of Court Barbara Minor improperly refused to file a previous lawsuit are precluded by the "quasi-judicial immunity" which extends to "court clerks and other non-judicial officers." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). This immunity covers "acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Id.* Defendant Minor's alleged act of refusing to accept for filing a civil rights complaint thus appears to be shielded by immunity. Finally, plaintiff's allegations against Cindy Gosk are simply not cognizable under § 1983. Defamation, by itself, cannot support a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S. Ct. 1155 (1976). Accordingly, plaintiff's claims against defendants Minor and Gosk also fail to state a claim upon which relief can be granted.

For the foregoing reasons, the court recommends that the complaint and this action be dismissed without prejudice for failure to state a claim upon which relief may be granted. In

REPORT AND RECOMMENDATION
PAGE -2

addition, because the claims are legally frivolous, the court recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g).  A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of March, 2006.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3